IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DOUGHERTY, et al., | : | CIVIL ACTION NO. **1:CV-13-0857** |
| Plaintiffs | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| CARLISLE TIRE & WHEEL INC., et al., | : | |
| Defendants | : | |

### ORDER

On April 5, 2013, Plaintiffs Keith Dougherty, and Keith Dougherty Investments & Consulting LLC, Assignee of Bill's Mechanical and Welding Company, a sole proprietorship owned by Larry Runk II, filed, *pro se*, a Complaint against Defendants Carlisle Tire & Wheel, Inc., and Carlisle Transportation, Inc.[1] (Doc. 1). Only Plaintiff Keith Dougherty signed the Complaint. Exhibits are attached to the Complaint. Plaintiff indicates that his Complaint is for unpaid bills related to service provided and storage fees. Plaintiff states that this federal court has diversity jurisdiction over his case under 28 U.S.C. §1332.

The Summons was issued on April 10, 2013, and provided to Plaintiff Dougherty to serve his Complaint on Defendants. (Doc. 3). Plaintiff returned the Summons executed on both stated

---

1. Since it is not clear if Keith Dougherty is the sole Plaintiff in this case, or if Keith Dougherty Investments & Consulting LLC is also a Plaintiff, we refer to the term "Plaintiff" herein as Keith Dougherty. We also note that any party which is a corporation must be represented by counsel in this action. *See Colavita v. Ryan*, 2010 WL 2164522, *2(E.D. Pa.)("it is well-settled law that corporations cannot appear *pro se* in the federal courts." Thus, "corporations must be represented by counsel in federal court." *Id*.

Defendants on April 17, 2013. (Docs. 4 & 5). Defendants' responses to Plaintiff's Complaint were calendared as due May 7, 2013.

On May 8, 2013, Plaintiff Keith Dougherty "et. al (sic)" filed a Motion for Entry of Default under Rule 55(a) as against Defendants, "Carlisle Transportations (sic) Product Inc, aka Carlisle Tire & Wheel," stating that Defendants were served and that they failed to respond to the Complaint in a timely manner. **(Doc. 6).**

On May 10, 2013, Defendants filed a Motion pursuant to Fed.R.Civ.P. 12(b)(7) for failure of Plaintiff to join a necessary party under Rule 19. Defendants state that the only correct party Defendant in this case is Carlisle Transportation Product, Inc. Defendants' Motion is also filed pursuant to Fed.R.Civ.P. 12(e) for a more definite statement with respect to Plaintiff Dougherty's fraud claim asserted in his Complaint. **(Doc. 7).** Defendants did not file a support brief and their brief is not due yet. Also, on May 10, 2013, counsel entered an appearance for Carlisle Transportation Product, Inc., stating that this was the correct Defendant in this case. (Doc. 8). Counsel also filed a Disclosure Statement under Rule 7.1, indicating that Carlisle Transportation Product, Inc., is the correct Defendant in this case and that this company is wholly owned by its parent company, Carlisle Companies Inc. (Doc. 9).

On May 13, 2013, despite the fact that Defendants did not yet file a support brief with respect to their Doc. 7 Motion, Plaintiff filed his opposition brief to the Motion with attached Exhibits. (Doc. 10). Plaintiff states, in part, that Defendants' Motion was filed out of time, and that has properly identified the Defendants in his Complaint. Plaintiff also states that Defendants are in default by their failure to timely respond to his Complaint, that Defendants are deemed as

admitting all facts alleged in his Complaint and, that Defendants' Doc. 7 Motion is essentially null and void.

Also, on May 13, 2013, Carlisle Transportation Product, Inc. ("CTP"), stating that it is the only correct Defendant in this case, filed a Response to Plaintiff's Motion for Entry of Default. (Doc. 11). CTP also states that since Plaintiff listed the incorrect Defendants in his Complaint, a response to his Complaint was not due on May 7, 2013. In fact, CTP points out that in Plaintiff's Request for Default, he seeks the entry of Default as against Defendants, "Carlisle Transportations (sic) Product Inc, aka Carlisle Tire & Wheel," and, CTP points out that "Carlisle Transportations Product Inc" is not even a named party in the Complaint. Counsel for CTP states that on May 10, 2013, he was contacted by CTP and notified of the instant case, and then he filed the Doc. 7 Motion. Counsel for CTP states that only CTP is the proper Defendant in this case and that the two Defendants named in Plaintiff's Complaint, *i.e.*, Defendants Carlisle Tire & Wheel, Inc., and Carlisle Transportation, Inc., are not known to exist as identified. Counsel also states that Default has not yet been entered as against any Defendant and that the failure of CTP to respond to the Complaint was due to the incorrect Defendants named in the Complaint. Thus, counsel states that this constitutes excusable neglect under Rule 6(b)(1)(B), and basically that the Court should permit its Doc. 7 Motion, filed three days late, as filed timely *nunc pro tunc*.

We agree entirely with counsel for CTP.

The Court stated in the case of *Rhino Assoc. & Sales Corp., v. Berg Manuf. & Sales Corp.* ("*Rhino*"), 2007 WL 3490165, * 1 (M.D. P.a 2007), as follows:

> An entry of default under Rule 55(a) of the Federal Rules of Civil Procedure must precede an entry of default judgment under Rule 55(b)(2). *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. App'x 519, 521 n. 1 (3d Cir. 2006). An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). FN 7
>
>> FN 7. *See Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 n. 1 (E.D. Pa. 1985) ("Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well."); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917-19 (3d Cir. 1992).

In *Clark v. Foley*, 2008 WL 4279886, *2 (M.D. Pa.), the Court stated:

> A defendant who has been previously served is required to file a responsive pleading or defense within twenty days of service. Fed.R.Civ.P. 12(a)(1)(A). Federal Rule of Civil Procedure 55 sets forth the two step procedure and requirements for default judgment. First, a party's default may be entered by the Clerk of Court "[when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). Second, once notice of a party's default is entered, default judgment may be entered by the Clerk where the plaintiff's claim is for a sum certain, *see* Fed.R.Civ.P. 55(b)(1), or by the court in all other cases, *see* Fed.R.Civ.P. 55(b)(2).

To date, Default has not yet been entered as against either the two named Defendants or against CTP. We find that Defendants failed to timely respond to Plaintiff's Complaint solely due to excusable neglect caused by the naming of Defendants who allegedly do not exist. We find that the short 3-day delay by Defendants in responding to Plaintiff's Complaint constitutes excusable

neglect under Rule 6(b)(1)(B), and, we shall permit CTP's Doc. 7 Motion as timely filed *nunc pro tunc*.

Also, "[a] Defendant is not required to file a responsive pleading until the Plaintiff properly serves the Complaint ... ." *Fuentes v. Lycoming County Prison*, 2008 WL 5220530, *2 (M.D. Pa.). CTP essentially argues that Plaintiff's Complaint was not properly served on any correct Defendant since the two Defendants named in the Complaint and served are not known to exist.

Finally, even if Defendants are technically in default, the Court in its discretion can deny a motion for entry of default, since the Court favors deciding a case on it merits. *Id.*(citations omitted).

Thus, we will deny Plaintiff's Motion for Entry of Default. (Doc. 6). We will issue a decision regarding CTP's Doc. 7 Motion when it is fully briefed in accordance with the Local Rules of this Court.

AND NOW, this 15 day of **May, 2013, IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Entry of Default (Doc. 6) is **DENIED.**

2. The **Doc. 7** Motion of Defendants is considered timely filed to Plaintiff's Complaint.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: May 15, 2013

5