IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DOUGHERTY, et al., | : | CIVIL ACTION NO. **1:CV-13-0857** |
| | : | |
| | : | |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | FILED |
| CARLISLE TIRE & WHEEL INC., et al., | : | SCRANTON |
| | : | MAY 2 0 2013 |
| | : | PER |
| Defendants | : | DEPUTY CLERK |

**ORDER**

On April 5, 2013, Plaintiffs Keith Dougherty, and Keith Dougherty Investments & Consulting LLC, Assignee of Bill's Mechanical and Welding Company, a sole proprietorship owned by Larry Runk II, filed, *pro se*, a Complaint against Defendants Carlisle Tire & Wheel, Inc., and Carlisle Transportation, Inc.[1]  (Doc. 1).  Only Plaintiff Keith Dougherty signed the Complaint. Exhibits were attached to the Complaint.  Plaintiff indicated that his Complaint was for unpaid bills related to service provided and storage fees.  Plaintiff stated that this federal court has diversity jurisdiction over his case under 28 U.S.C. §1332.

The Summons was issued on April 10, 2013, and provided to Plaintiff Dougherty to serve his Complaint on Defendants.  (Doc. 3).  Plaintiff returned the Summons executed on both stated

---

1.   As we previously noted, since it is not clear if Keith Dougherty is the sole Plaintiff in this case, or if Keith Dougherty Investments & Consulting LLC is also a Plaintiff, we refer to the term "Plaintiff" herein as Keith Dougherty.

Defendants on April 17, 2013. (Docs. 4 & 5). Defendants' responses to Plaintiff's Complaint were calendared as due May 7, 2013.

On May 8, 2013, Plaintiff Keith Dougherty "et. al (sic)" filed a Motion for Entry of Default under Rule 55(a) as against Defendants, "Carlisle Transportations (sic) Product Inc, aka Carlisle Tire & Wheel," stating that Defendants were served and that they failed to respond to the Complaint in a timely manner. **(Doc. 6).**

On May 10, 2013, Defendants filed a Motion pursuant to Fed.R.Civ.P. 12(b)(7) for failure of Plaintiff to join a necessary party under Rule 19. Defendants state that the only correct party Defendant in this case is Carlisle Transportation Product, Inc. Defendants' Motion is also filed pursuant to Fed.R.Civ.P. 12(e) for a more definite statement with respect to Plaintiff Dougherty's fraud claim asserted in his Complaint. **(Doc. 7).** Defendants' Doc. 7 Motion has not yet been fully briefed. Also, on May 10, 2013, counsel entered an appearance for Carlisle Transportation Product, Inc., stating that this was the correct Defendant in this case. (Doc. 8). Counsel also filed a Disclosure Statement under Rule 7.1, indicating that Carlisle Transportation Product, Inc., is the correct Defendant in this case and that this company is wholly owned by its parent company, Carlisle Companies Inc. (Doc. 9).

On May 13, 2013, despite the fact that Defendants did not yet file a support brief with respect to their Doc. 7 Motion, Plaintiff filed his opposition brief to the Motion with attached Exhibits. (Doc. 10). Plaintiff states, in part, that Defendants' Motion was filed out of time, and that has properly identified the Defendants in his Complaint. Plaintiff also states that Defendants are in default by their failure to timely respond to his Complaint, that Defendants are deemed as

admitting all facts alleged in his Complaint and, that Defendants' Doc. 7 Motion is essentially null and void.

Also, on May 13, 2013, Carlisle Transportation Product, Inc. ("CTP"), stating that it is the only correct Defendant in this case, filed a Response to Plaintiff's Motion for Entry of Default. (Doc. 11). CTP also states that since Plaintiff listed the incorrect Defendants in his Complaint, a response to his Complaint was not due on May 7, 2013. In fact, CTP points out that in Plaintiff 's Request for Default, he seeks the entry of Default as against Defendants, "Carlisle Transportations (sic) Product Inc, aka Carlisle Tire & Wheel," and, CTP points out that "Carlisle Transportations Product Inc" is not even a named party in the Complaint. Counsel for CTP states that on May 10, 2013, he was contacted by CTP and notified of the instant case, and then he filed the Doc. 7 Motion. Counsel for CTP states that only CTP is the proper Defendant in this case and that the two Defendants named in Plaintiff's Complaint, *i.e.*, Defendants Carlisle Tire & Wheel, Inc., and Carlisle Transportation, Inc., are not known to exist as identified. Counsel also states that Default has not yet been entered as against any Defendant and that the failure of CTP to respond to the Complaint was due to the incorrect Defendants named in the Complaint. Thus, counsel states that this constitutes excusable neglect under Rule 6(b)(1)(B), and basically that the Court should permit its Doc. 7 Motion, filed three days late, as filed timely *nunc pro tunc*.

The Court agreed entirely with counsel for CTP. Thus, on May 15, 2013, the Court issued an Order and directed as follows:

> 1. Plaintiff's Motion for Entry of Default (Doc. 6) is **DENIED.**
>
> 2. The **Doc. 7** Motion of Defendants is considered timely filed to Plaintiff's Complaint.

3

(Doc. 14).

On May 16, 2013, Plaintiff filed a Motion for Reconsideration of our Doc. 14 Order as well as a support brief with an Exhibit. **(Docs. 15 & 16).** CTP filed its response to Plaintiff's Motion for Reconsideration on May 17, 2013. (Doc. 17). Plaintiff then filed his reply brief on May 17, 2013, with a proposed entry of Default attached. (Doc. 18).

The Court stated in *DiFrancesco v. Aramark Corp.*, 2006 WL 1118096 * 1 (E.D. Pa. 2006):

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

*See also Kennedy Industries, Inc. v. Aparo*, 2006 WL 1892685, * 1 (E.D. Pa. 2006).

The Court finds that Plaintiff has not made the requisite showing with respect to his Doc. 15 Motion for Reconsideration of our Doc. 14 Order denying Plaintiff's request for Entry of Default. The Court also again finds Plaintiff is not entitled to Default as he requested in his Doc. 6 Motion.

In its Doc. 14 Order, the Court pointed out that in the case of *Rhino Assoc. & Sales Corp., v. Berg Manuf. & Sales Corp.* ("*Rhino*"), 2007 WL 3490165, * 1 (M.D. P.a 2007), the Court stated as follows:

> An entry of default under Rule 55(a) of the Federal Rules of Civil Procedure must precede an entry of default judgment under Rule 55(b)(2). *See Nationwide Mut. Ins. Co. v. Starlight*

4

*Ballroom Dance Club, Inc.*, 175 Fed. App'x 519, 521 n. 1 (3d Cir. 2006). An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). FN 7

> FN 7. *See Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 n. 1 (E.D. Pa. 1985) ("Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well."); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917-19 (3d Cir. 1992).

In *Clark v. Foley*, 2008 WL 4279886, *2 (M.D. Pa.), the Court stated:

> A defendant who has been previously served is required to file a responsive pleading or defense within twenty days of service. Fed.R.Civ.P. 12(a)(1)(A). Federal Rule of Civil Procedure 55 sets forth the two step procedure and requirements for default judgment. First, a party's default may be entered by the Clerk of Court "[when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). Second, once notice of a party's default is entered, default judgment may be entered by the Clerk where the plaintiff's claim is for a sum certain, *see* Fed.R.Civ.P. 55(b)(1), or by the court in all other cases, *see* Fed.R.Civ.P. 55(b)(2).

The Court then stated that to date, Default had not yet been entered as against either the two named Defendants or against CTP. The Court found that Defendants failed to timely respond to Plaintiff's Complaint solely due to excusable neglect caused by the naming of Defendants who allegedly do not exist. The Court found that the short 3-day delay by Defendants in responding to Plaintiff's Complaint constituted excusable neglect under Rule 6(b)(1)(B), and, the Court permitted CTP's Doc. 7 Motion as timely filed *nunc pro tunc.*

Also, the Court stated that, "[a] Defendant is not required to file a responsive pleading until the Plaintiff properly serves the Complaint ... ." *Fuentes v. Lycoming County Prison*, 2008

WL 5220530, *2 (M.D. Pa.). CTP essentially argued that Plaintiff 's Complaint was not properly served on any correct Defendant since the two Defendants named in the Complaint and served were not known to exist. Finally, the Court stated that even if Defendants were technically in default, the Court in its discretion can deny a motion for entry of default, since the Court favors deciding a case on it merits. *Id.*(citations omitted).

Thus, the Court denied Plaintiff's Motion for Entry of Default. (Doc. 6). The Court stated that it would issue a decision regarding CTP's Doc. 7 Motion when it was fully briefed in accordance with the Local Rules of this Court.

In his Doc. 15 Motion and support briefs, Plaintiff contends that the Court issued its Doc. 14 Order based on errors of fact and law, and that it lacked jurisdiction to *sua sponte* grant Defendants an extension of time to respond to his Complaint, especially since Defendants did not file a motion. Thus, Plaintiff argues that the Court did not have jurisdiction to consider whether Defendants were entitled to excusable neglect with respect to their 3-day delay in responding to Plaintiff's Complaint. Plaintiff also argues that a PA corporations search shows that Carlisle Tire & Wheel is an active corporation and he refers to his Ex. A attached to his Doc. 16 brief. Plaintiff also states that the website of Carlisle Companies shows that Carlisle Tire & Wheel is an existing entity. As such, Plaintiff states that it was a factual misstatement of counsel for CTP to represent that Carlisle Tire & Wheel no longer exists, and he states that the court adopted this false statement. Plaintiff further contends that his due process rights have been violated by the Court's denial of his Motion for Entry of Default. (Doc. 16).

6

Plaintiff also states that "'the Defendant' purposefully did not provide a copy of the Complaint to Defense until 5/9/2013 because they are arrogant." (Doc. 18, pp. 4-5). Plaintiff then states that "[i]t is well established that Parties can be held to count for mistakes by Counsel it is just as true that mistakes made by defendants cannot be 'forgiven' by a Judge Acting 'sua sponte.'" (Id., p. 5).

Counsel for CTP points out that Plaintiff failed to name the appropriate Defendant in his Complaint, namely, CTP, and that Plaintiff does not provide any new basis as to why his Motion for Entry of Default should be granted. Counsel for CTP also states that the Court has already addressed the essential position of Plaintiff as to why he argued he was entitled to Default.

The Court agrees with CTP and shall deny Plaintiff's Motion for Reconsideration. Notwithstanding Plaintiff 's present Motion and briefs, the Court again finds that Defendants failed to timely respond to Plaintiff's Complaint solely due to excusable neglect. The Court again finds that the short 3-day delay by Defendants in responding to Plaintiff's Complaint constituted excusable neglect under Rule 6(b)(1)(B). The Court finds that Plaintiff was afforded his due process rights with respect to his Motion for Entry of Default as clearly evidenced by the Doc. 14 Order. Also, the Court finds no basis in law or fact for reconsidering its Doc. 14 Order and entering Default for Plaintiff. Once again, the Court finds that the actions of Defendants in causing the 3-day delay were not wilful or in bad faith. Additionally, the Court finds no prejudice to Plaintiff by the slight 3-day delay in CTP's response to his Complaint.

Further, as the Court stated in its Doc. 14 Order, even if Defendants were technically in default, the Court can deny a motion for entry of default, since the Court favors deciding a case

on it merits. *See Fuentes v. Lycoming County Prison*, 2008 WL 5220530, *2 (M.D. Pa.)(citations omitted). In *Fuentes,* the Court stated that "[a]lthough the entry of default against the Defendants would be proper, the Court denies the motions for entry of default and default judgment in favor of deciding the case on its merits." The *Fuentes* Court also stated that "[it] must consider the United States Court of Appeal's strong disfavor for default judgments and preference to decide cases on the merits." *Id.*(citations omitted).

At bottom, the Court favors deciding a case on its merits. *Id.*(citations omitted). Thus, the Court will deny Plaintiff's Motion for Reconsideration. **(Doc. 15)**.

AND NOW, this _20_ day of **May, 2013, IT IS HEREBY ORDERED THAT**:

Plaintiff's  Plaintiff's Motion for Reconsideration **(Doc. 15)** of the Court's Doc. 14 Order is **DENIED.**

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: May 20, 2013