IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DOUGHERTY, et al., | : | CIVIL ACTION NO. **1:CV-13-0857** |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CARLISLE TIRE & WHEEL INC., et al., | : | **FILED** |
| | : | **SCRANTON** |
| | : | **JUN 1 1 2013** |
| Defendants | : | |

PER _____
DEPUTY CLERK

### ORDER

On April 5, 2013, Plaintiffs Keith Dougherty, and Keith Dougherty Investments & Consulting LLC, Assignee of Bill's Mechanical and Welding Company, a sole proprietorship owned by Larry Runk II, filed, *pro se*, a Complaint against Defendants Carlisle Tire & Wheel, Inc., and Carlisle Transportation, Inc.[1]   (Doc. 1).   Only Plaintiff Keith Dougherty signed the Complaint. Exhibits were attached to the Complaint.  Plaintiff indicated that his Complaint was for unpaid bills related to service provided and storage fees.  Plaintiff stated that this federal court has diversity jurisdiction over his case under 28 U.S.C. §1332.

The Summons was issued on April 10, 2013, and provided to Plaintiff Dougherty to serve his Complaint on Defendants (Doc. 3).  Plaintiff returned the Summons executed on both stated

---

1.   As we previously noted, since it is not clear if Keith Dougherty is the sole Plaintiff in this case, or if Keith Dougherty Investments & Consulting LLC is also a Plaintiff, we refer to the term "Plaintiff" herein as Keith Dougherty.

Defendants on April 17, 2013. (Docs. 4 & 5). Defendants' responses to Plaintiff's Complaint were calendared as due May 7, 2013.

On May 8, 2013, Plaintiff Keith Dougherty "et. al (sic)" filed a Motion for Entry of Default under Rule 55(a) as against Defendants, "Carlisle Transportations (sic) Product Inc, aka Carlisle Tire & Wheel," stating that Defendants were served and that they failed to respond to the Complaint in a timely manner. (Doc. 6).

On May 10, 2013, Defendants filed a Motion pursuant to Fed.R.Civ.P. 12(b)(7) for failure of Plaintiff to join a necessary party under Rule 19. Defendants stated that the only correct party Defendant in this case is Carlisle Transportation Products, Inc. Defendants' Motion was also filed pursuant to Fed.R.Civ.P. 12(e) for a more definite statement with respect to Plaintiff Dougherty's fraud claim asserted in his Complaint. (Doc. 7). Defendants' Doc. 7 Motion is not yet ripe for disposition. Also, on May 10, 2013, counsel entered an appearance for Carlisle Transportation Products, Inc., stating that this was the correct Defendant in this case. (Doc. 8). Counsel also filed a Disclosure Statement under Rule 7.1, indicating that Carlisle Transportation Products, Inc., was and is the correct Defendant in this case and that this company is wholly owned by its parent company, Carlisle Companies Inc. (Doc. 9).

On May 13, 2013, despite the fact that Defendants had not yet filed a support brief with respect to their Doc. 7 Motion, Plaintiff filed his opposition brief to the Motion with attached Exhibits. (Doc. 10). Plaintiff stated, in part, that Defendants' Motion was filed out of time, and that he properly identified the Defendants in his Complaint. Plaintiff also stated that Defendants were in default by their failure to timely respond to his Complaint, that Defendants were deemed as

2

admitting all facts alleged in his Complaint and that Defendants' Doc. 7 Motion was essentially null and void.

Also, on May 13, 2013, Carlisle Transportation Products, Inc. ("CTP") filed a Response to Plaintiff's Motion for Entry of Default and stated that it was the only proper Defendant in this case. (Doc. 11). CTP also stated that since Plaintiff listed the incorrect Defendants in his Complaint, a response to his Complaint was not due on May 7, 2013. In fact, CTP pointed out that in Plaintiff's Request for Default, he sought the entry of Default against Defendants, "Carlisle Transportations (sic) Product Inc, aka Carlisle Tire & Wheel," and, CTP pointed out that "Carlisle Transportations Product Inc" is not even a named party in the Complaint. Counsel for CTP stated that on May 10, 2013, he was contacted by CTP and notified of the instant case, and then he filed the Doc. 7 Motion. Counsel for CTP stated that only CTP was the proper Defendant in this case and that the two Defendants named in Plaintiff's Complaint, *i.e.*, Defendants Carlisle Tire & Wheel, Inc., and Carlisle Transportation, Inc., were not known to exist as identified. Counsel also stated that Default had not been entered as against any Defendant and that the failure of CTP to respond to the Complaint was due to the incorrect Defendants named by Plaintiff in his Complaint. Thus, counsel stated that this constituted excusable neglect under Rule 6(b)(1)(B), and basically that the Court should permit its Doc. 7 Motion, filed three days late, as filed timely *nunc pro tunc*.

The Court agreed entirely with counsel for CTP. Thus, on May 15, 2013, the Court issued an Order and directed as follows:

1. Plaintiff's Motion for Entry of Default (Doc. 6) is **DENIED.**

2. The **Doc. 7** Motion of Defendants is considered timely filed to Plaintiff's Complaint.

3

(Doc. 14).

On May 16, 2013, Plaintiff filed a Motion for Reconsideration of our Doc. 14 Order as well as a support brief with an Exhibit. (Docs. 15 & 16). CTP filed its response to Plaintiff's Motion for Reconsideration on May 17, 2013. (Doc. 17). Plaintiff then filed his reply brief on May 17, 2013, with a proposed entry of Default attached. (Doc. 18).

The Court found that Plaintiff had not made the requisite showing with respect to his Doc. 15 Motion for Reconsideration of its Doc. 14 Order denying Plaintiff's request for Entry of Default. *See DiFrancesco v. Aramark Corp.*, 2006 WL 1118096 * 1 (E.D. Pa. 2006); *Kennedy Industries, Inc. v. Aparo*, 2006 WL 1892685, * 1 (E.D. Pa. 2006). The Court again found that Plaintiff was not entitled to Default as he requested in his Doc. 6 Motion. In its Doc. 14 Order, the Court again cited to the case of *Rhino Assoc. & Sales Corp., v. Berg Manuf. & Sales Corp.* ("*Rhino*"), 2007 WL 3490165, * 1 (M.D. P.a 2007). The Court then stated that to date, Default had not yet been entered as against either the two named Defendants or against CTP. The Court found that Defendants failed to timely respond to Plaintiff's Complaint solely due to excusable neglect caused by the naming of Defendants who allegedly did not exist. The Court found that the short 3-day delay by Defendants in responding to Plaintiff's Complaint constituted excusable neglect under Rule 6(b)(1)(B), and, the Court permitted CTP's Doc. 7 Motion as timely filed *nunc pro tunc*.

Also, the Court stated that, "[a] Defendant is not required to file a responsive pleading until the Plaintiff properly serves the Complaint ... ." *Fuentes v. Lycoming County Prison*, 2008 WL 5220530, *2 (M.D. Pa.). CTP essentially argued that Plaintiff 's Complaint was not properly served on any correct Defendant since the two Defendants named in the Complaint and served were not

4

known to exist.  Finally, the Court stated that even if Defendants were technically in default, the Court in its discretion can deny a motion for entry of default, since the Court favors deciding a case on it merits.  *Id.*(citations omitted).

Thus, the Court denied Plaintiff's Motion for Entry of Default. (Docs. 6 & 14).  The Court stated that it would issue a decision regarding CTP's Doc. 7 Motion when it was fully briefed in accordance with the Local Rules of this Court.

In his Doc. 15 Motion for Reconsideration and support briefs, Plaintiff contended that the Court issued its Doc. 14 Order based on errors of fact and law, and that it lacked jurisdiction to *sua sponte* grant Defendants an extension of time to respond to his Complaint, especially since Defendants did not file a motion for an extension. Thus, Plaintiff argued that the Court did not have jurisdiction to consider whether Defendants were entitled to excusable neglect with respect to their 3-day delay  in responding to Plaintiff's Complaint.   Plaintiff also argued that a PA corporations search showed that Carlisle Tire & Wheel is an active corporation and he referred to his Ex. A attached to his Doc. 16 brief.  Plaintiff also stated that the website of Carlisle Companies showed that  Carlisle Tire & Wheel was an existing entity.  As such, Plaintiff stated that it was a factual misstatement of counsel for CTP to represent that  Carlisle Tire & Wheel no longer existed, and he stated that the court adopted this false statement.   Plaintiff further contended that his due process rights had been violated by the Court's denial of his Motion for Entry of Default. (Doc. 16).

Plaintiff also stated that "'the Defendant' purposefully did not provide a copy of the Complaint to Defense until 5/9/2013 because they are arrogant." (Doc. 18,  pp. 4-5).  Plaintiff then stated that "[i]t is well established that Parties can be held to count for mistakes by Counsel it is just

as true that mistakes made by defendants cannot be 'forgiven' by a Judge Acting 'sua sponte.'" (*Id.*, p. 5).

Counsel for CTP pointed out in Response to Plaintiff's Motion for Reconsideration that Plaintiff failed to name the appropriate Defendant in his Complaint, namely, CTP, and that Plaintiff did not provide any new basis as to why his Motion for Entry of Default should be granted. (Doc. 17). Counsel for CTP also stated that the Court has already addressed the essential positions of Plaintiff as to why he argued he was entitled to Default. (*Id.*).

The Court agreed with CTP and denied Plaintiff's Motion for Reconsideration (Doc. 19). Notwithstanding Plaintiff's Motion and briefs, the Court again found that Defendants failed to timely respond to Plaintiff's Complaint solely due to excusable neglect. (*Id.*). The Court again found that the short 3-day delay by Defendants in responding to Plaintiff's Complaint constituted excusable neglect under Rule 6(b)(1)(B). (*Id.*). The Court found that Plaintiff was afforded his due process rights with respect to his Motion for Entry of Default as clearly evidenced by the Doc. 14 Order. (*Id.*) Also, the Court found no basis in law or fact for reconsidering its Doc. 14 Order and entering Default for Plaintiff. (*Id.*) Once again, the Court found that the actions of Defendants in causing the 3-day delay were not wilful or in bad faith. Additionally, the Court found no prejudice to Plaintiff by the slight 3-day delay in CTP's response to his Complaint. (*Id.*).

Thus, on May 28, 2013, Plaintiff filed this current Motion to Strike CTP's Doc. 7 Motion and reiterates his contention that the Court lacked jurisdiction to grant Defendants an extension of time to respond to his Complaint since Defendants failed to file a Motion for an extension under Rule 6. **(Doc. 22).** Plaintiff bases his Motion once again on his argument that Defendants failed to

timely respond to his Complaint and that CTP's Doc. 7 Motion, *sans* a request for an extension of time, was not timely filed. As such, Plaintiff states that the Court does not have jurisdiction to rule on CTP's Doc. 7 Motion and that the Motion should be stricken for the record. (Doc. 22, p. 2).

In its May 30, 2013 Response, CTP points out that Plaintiff is raising for the third time the same arguments he previously raised as to his contention that it not fair for CTP's Doc. 7 Motion to be deemed timely because it was not filed within the response deadline for his Complaint. (Doc. 23, p. 2). CTP states that Plaintiff 's Motion to Strike does not address the merits of its Doc. 7 Motion, and that Plaintiff only addresses the timeliness of its Motion. CTP also states that Plaintiff has still failed to join CTP as the proper Defendant in this case and he has still not properly served CTP with his Complaint. CTP further states that Plaintiff 's Motion to Strike is moot since the Court has already deemed its Doc. 7 Motion to be timely filed and since the Court denied Plaintiff 's Motion for Reconsideration. Additionally, CTP correctly points out that Plaintiff has already filed his opposition brief to its Doc. 7 Motion. (*See* Doc. 10).

On May 31, 2013, Plaintiff filed his Reply Brief in Support of his Motion to Strike Doc. 7. (Doc. 24). The Court finds no new relevant information stated therein. The Court finds that Plaintiff is using his Motion to Strike based on jurisdiction to essentially present the Court with a second Motion to Reconsider our previous Doc. 14 Order. For the reasons stated above and stated in our Doc. 19 Order denying Plaintiff 's Motion for Reconsideration, the Court again finds that the three-day delay by Defendants in responding to Plaintiff's Complaint was excusable neglect pursuant to Rule 6(b)(1)(B). For the third time, the Court finds that Plaintiff received adequate due process. The Court again finds that there is no prejudice to the Plaintiff in allowing for the short delay

because the delay was a direct and reasonable result of the alleged naming the wrong party Defendants in Plaintiff's Complaint. Thus, the Court agrees with CPT for the third time on this matter.

Further, as the Court stated in its Doc. 14 Order, even if Defendants were technically in default, the Court could deny a motion for entry of default, since the Court favors deciding a case on it merits. *See Fuentes v. Lycoming County Prison*, 2008 WL 5220530, *2 (M.D. Pa.)(citations omitted). In *Fuentes,* the Court stated that "[a]lthough the entry of default against the Defendants would be proper, the Court denies the motions for entry of default and default judgment in favor of deciding the case on its merits." *Id*. The *Fuentes* Court also stated that "[it] must consider the United States Court of Appeal's strong disfavor for default judgments and preference to decide cases on the merits." *Id*.(citations omitted).

As repeatedly stated, the Court favors deciding a case on its merits. *Id*.(citations omitted). Thus, the Court will deny Plaintiff's Motion to Strike CTP's Doc. 7 Motion, filed pursuant to Rules 12(b) and 12(e). **(Doc. 22)**.

In his Reply Brief, Plaintiff requests that if his Motion to Strike is denied, then, in the alterative, he be given leave to amend his Complaint "to introduce the 42 U.S.C. [§] 1983 claims naming as co-conspirator the Clerk [of Court] of the [U.S. District Court for] the Middle District [of Pennsylvania] as [he] will aver 'rather than entering default the [C]lerk contacted Carlisle in North Carolina and advised them (sic) to get someone in to file' after the motion to enter default was filed." (Doc. 24, p. 9).

Plaintiff's alternative relief request to amend his Complaint to add a conspiracy claim under §1983 against the Clerk of Court for the U.S. District Court for the Middle District of Pennsylvania will also be denied. Section 1983 does not apply to the Clerk of Court for the U.S. District Court for the Middle District of Pennsylvania. *See Holocheck v. Luzerne County Head Start, Inc.,* 385 F. Supp. 2d 491(M. D. Pa. 2005); *Slater v.Susquehanna County,* 613 F. Supp. 2d 653 (M.D. Pa. 2009). Also, *respondeat superior* cannot serve as the basis to hold a Defendant liable in a §1983 action. *Rizzo v. Goode,* 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials,* 1546 F.2d 1077, 1082 (3d Cir. 1976). Further, the Clerk of Court and her staff would be entitle to absolute quasi-judicial immunity with respect to any damages for civil rights violations in this case regarding Plaintiff's proposed new claim against the Clerk and the failure to enter Default for Plaintiff. *See Hughes v. Long,* 242 F.3d 121 (3d Cir. 2001); *Mullis v. U.S. Bankruptcy Court,* 828 F.2d 1385 (9th Cir. 1987), *cert. denied,* 486 U.S. 1040 (1988); *Trader v. R.S.,* 2011 WL 1666931 (E.D. Pa. May 2, 2011).

AND NOW, this _11th_ day of **June, 2013, IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion to Strike **(Doc. 22)** CTP's **Doc. 7** Motion is **DENIED.**

2. Plaintiff's alternative relief request to amend his Complaint to add a conspiracy claim under §1983 against the Clerk of Court for the U.S. District Court for the Middle District of Pennsylvania is **DENIED.**

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: June _11_ , 2013

9